

# THE ATTORNEY GENERAL
## OF TEXAS

January 15, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Lyndon L. Olson, Jr.
·Chairman
State Board of Insurance
1110 San Jacinto Boulevard
Austin, Texas    78701

Opinion No. JM-621

Re: Claims for loss or impairment of speech or hearing under article 3.70-2(G) of the Insurance Code

Dear Mr. Olson:

You have asked numerous questions about the construction of article 3.70-2(G) of the Insurance Code, which provides:

> Insurers, nonprofit hospital and medical service plan corporations subject to Chapter 20 of· this code, and health maintenance organizations transacting health insurance or providing other health coverage in this state shall offer and make available, under group policies, contracts, and plans providing hospital and medical coverage on an expense incurred, service or prepaid basis, <u>benefits for the necessary care and treatment of loss or impairment of speech or hearing that are not less favorable than for physical illness generally</u>, subject to the same durational limits, dollar limits, deductibles, and coinsurance factors. <u>Such offer of benefits shall be subject to the right of the group policy or contract holder to reject the coverage or to select any alternative level of benefits if such right is offered by or negotiated with such insurer</u>, service plan corporation, or health maintenance organization. (Emphasis added.)

Initially, we note that the language of this provision is exceedingly difficult to construe in a manner that makes sense. We believe that the legislature should address itself to amending it in its next regular session. The phrase "to select any alternative level of benefits if such right is offered by or negotiated with such insurer" has given rise to difficult questions of interpretation. You inform us that some insurers have construed that phrase to give the insurer the option of providing coverage of certain speech and hearing disabilities and not others. Specifically, some insurers have refused

to cover treatment for loss or impairment of speech or hearing if the loss or impairment is a birth defect or developmental problem rather than a condition secondary to another illness or injury. You have asked us to determine what is meant by the phrase "alternate level of benefits" in article 3.70-2(G).

Article 3.70-2(G) requires insurers that provide health coverage in Texas to offer plans providing "benefits for the necessary care and treatment of loss or impairment of speech or hearing that are not less favorable than for physical illness generally." That phrase requires an offer of coverage for loss or impairment of speech or hearing; it does not authorize an initial offer limiting coverage to certain types of speech or hearing problems. Therefore, the initial offer must include benefits for treatment of speech and hearing problems, regardless of the cause of such problems, and those benefits must be as favorable as benefits for physical illness generally. See Attorney General Opinion JM-5 (1983). Article 3.70-2(G) also allows the insured to reject coverage for speech and hearing problems altogether. What the statute does not make clear is whether, once the initial offer is rejected, the insurer may offer coverage for loss or impairment of speech or hearing from certain causes and not others. Although the meaning of the phrase is obscure, we think that because the legislature chose the phrase "alternate level of benefits" rather than "alternate coverage," an insurer may not offer or issue a plan that covers only certain types of speech and hearing problems and not others. In other words, the insured and insurer may negotiate about dollar limits, deductibles, and other benefits, but they may not cover some hearing problems and exclude from coverage speech and hearing problems that stem from certain causes.

## S U M M A R Y

Under article 3.70-2(G), an insurer may not offer or issue a plan that covers only certain types of speech and hearing problems and not others.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory and
Sarah Woelk
Assistant Attorneys General